```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division


UNITED STATES OF AMERICA,     )
                              )
     Plaintiff,               )
                              )
          v.                  )      1:08cv1233 (JCC)
                              )
$79,650 SEIZED FROM BANK OF   )
AMERICA ACCOUNT ENDING IN     )
-8247, IN THE NAME OF GIRMA   )
AFEWORK,                      )
                              )
     Defendant.               )
```

## <u>M E M O R A N D U M   O P I N I O N</u>

This matter comes before the Court on Claimant Girma Afework's ("Claimant's") Motion for Judgment on the Pleadings ("Motion"). For the reasons stated below, the Court will deny Claimant's Motion.

### I. Background

This case arises out of the seizure of $79,650 by the United States Government (the "Government"). The United States Postal Inspection Service executed a seizure warrant on February 21, 2008, seizing $79,650 from a Bank of America account ending in -8247 (the "Target Account"). On April 8, 2008, the Government notified Claimant, the holder of the account, that it had seized the money. Claimant filed an initial claim to the seized money by a letter dated May 8. Claimant's Mot. at 2.

1

The Government's Complaint for Forfeiture (the "Complaint") alleges that Claimant made structured deposits into the Target Account with the intention of avoiding the Currency Transaction Reporting requirement of 31 U.S.C. § 5313. Compl. at ¶ 9; Pl.'s Resp. at 2. The eight allegedly structured deposits at issue were made over a four-day period, from April 2, 2007 to April 5, 2007. Compl. at ¶ 8; Pl.'s Resp. at 2. Two deposits of money were made into each of the four different accounts used by Claimant: two Bank of America accounts and two PNC Bank accounts. Pl.'s Resp. at 2. Each deposit was in the amount of $9,900, $9,950, or $9,980. As the affidavit supporting the seizure warrant makes clear, the allegedly structured deposits were consolidated in the Target Account between April and May 22, 2007. Pl.'s Resp., Ex. 1 at ¶ 8.

The Government filed this civil *in rem* forfeiture action on November 26, 2008, after two requests for extensions of its time to file were granted.[1] On December 30, 2008, Claimant submitted a Claim for the seized money pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). In January 2009, Claimant filed an Answer to the Complaint and a Motion for Judgment on the Pleadings. The Government responded to

---

[1] A stipulation and order extending the time of the United States to file its Complaint had been entered on July 25, 2008. A second stipulation and order to the same effect were entered on September 24, 2008. Claimant's Mot. at 2.

Claimant's Motion on January 21, 2009, and Claimant replied on February 2.[2] This Motion is before the Court.

## II. Standard of Review

Pursuant to Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). The pleadings are considered closed "upon the filing of a complaint and an answer." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1367 (3d ed. 2004) (citing Fed. R. Civ. P. 7(a)) (footnotes omitted). As previously explained by this Court, "[a] Rule 12(c) motion . . . is appropriate when all material allegations of fact are admitted in the pleadings and only questions of law remain." *Republic Ins. Co. v. Culbertson*, 717 F. Supp. 415, 418 (E.D. Va. 1989)(citations omitted).

In deciding whether to grant a motion for judgment on the pleadings under Rule 12(c), the Court applies the same standard used to evaluate a 12(b)(6) motion to dismiss. *United States v. 328 Pounds, More or Less, of Wild Am. Ginseng*, 347 F. Supp. 2d 241, 244 (W.D. N.C. 2004) (citing *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002)).

---

[2] The Government submitted an additional legal memorandum on February 4, responding to arguments raised in Claimant's Reply. The Government did not seek leave to file this additional memorandum, so the Court will not consider it at this time.

To determine the sufficiency of a civil forfeiture complaint, the court looks to whether the complaint satisfies the requirements of Supplemental Rule G(2)(f), which requires the complaint to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  Supp. Rule G(2)(f); *see* Supp. Rule G(8)(b).  Supplemental Rule G(2)(f) carries forward the standard for determining the sufficiency of a civil forfeiture complaint set forth in *United States v. Mondragon*, 313 F.3d 862, 865-66 (4th Cir. 2002), which held that such a complaint need only allege "facts sufficient to support a reasonable belief that the property is subject to forfeiture."  *See United States v. All Assets Held at Bank Julius Baer & Co.*, 571 F. Supp. 2d 1, 15-17 (D. D.C. 2008) (citing, *inter alia*, the Advisory Committee Note on the 2006 Adoption of Supp. Rule G).

### III. Analysis

A. <u>Structuring and Forfeiture – The Statutory Scheme</u>

"Structuring" occurs when individuals structure their financial transactions to avoid having them reported to the Government, which requires banks to report certain high-value transactions.  The Complaint alleges that the Target Account was used to facilitate currency structuring offenses under 31 U.S.C. § 5324, which forbids "structur[ing] or assist[ing] in structuring . . . any transaction with one or more domestic

4

financial institutions" in an attempt to evade the bank reporting requirements of 31 U.S.C. § 5313(a). Compl. at ¶¶ 4-6. Section 5313 and related regulations require financial institutions to report currency transactions – deposits or withdrawals – in excess of $10,000 to the IRS. 31 U.S.C. § 5313(a); 31 C.F.R. § 103.22(a); see *Ratzlaf v. United States*, 510 U.S. 135, 136 (1994). Specifically, the Complaint alleges that eight deposits, all between $9,900 and $9,980, were made into the Target Account. Compl. at ¶ 8. The Complaint seeks the forfeiture of the allegedly structured deposits, which total $79,650.

Federal law allows the Government to file a civil forfeiture action, pursuant to 18 U.S.C. 981(a)(1), against funds that were the subject of structured banking transactions. 31 U.S.C. § 5317(c)(2) ("Any property involved in a violation of section 5313, 5316, or 5324 of this title . . . and any property traceable to any such violation . . . may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to [18 U.S.C. §] 981(a)(1)(A)"). Section 981(a)(1)(A) makes "[a]ny property, real or personal, involved in" several money laundering violations "subject to forfeiture to the United States."

To close a loophole under which money launderers could escape civil forfeiture by "zeroing out" – i.e., emptying and then later replenishing – the bank accounts holding laundered

5

money, which made it difficult to trace the tainted property, Congress passed what is now 18 U.S.C. § 984. *See generally United States v. All Funds Presently on Deposit or Attempted to Be Deposited in Any Accounts Maintained at Am. Express Bank*, 832 F. Supp. 542, 557-58 (E.D.N.Y. 1993) (quoting H.R. Rep. No. 102-28) (hereinafter "*All Funds*").

Section 984 allows for the civil forfeiture of fungible property, including currency. The statute states that, "[i]n any forfeiture action in rem in which the subject propert[ies are] . . . funds deposited in an account in a financial institution," the Government does not have to "identify the specific property involved in the offense that is the basis for the forfeiture." 18 U.S.C. § 984(a)(1)(A). Further, a claimant cannot defend against forfeiture by removing the tainted property and replacing it with identical, untainted property. *Id.* at § 984(a)(1)(B).

The statute loosens the burden on the Government to "trace" forfeitable property from its initial location at the time it became subject to forfeiture to its ultimate location:

> Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.
>
> (b) No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

*Id.* at § 984(a)(2)-(b). Section 984, then, allows the forfeiture of fungible property with both a physical nexus to the tainted property – i.e., "identical property *found in the same place or account*" – and a temporal nexus to the tainted property – "[n]o action . . . may be commenced more than 1 year from the date of the offense." *Id.* (emphasis added).

The Complaint alleges that Claimant engaged in structuring: he intentionally made deposits of just under $10,000 to avoid the bank reporting requirements. Compl. at ¶¶ 8-9. The civil forfeiture action filed by the Government seeks $79,650 in purportedly structured deposits made to the Target Account.

Claimant argues that § 984 cannot apply here, because the Government commenced its civil forfeiture action more than one year after the date of his alleged offense. Second, Claimant contends that the Complaint incorrectly charges him with depositing all eight suspect amounts into the Target Account in the first instance. Claimant argues that because six of the eight deposits originally were made into accounts other than the Target Account, the money deposited into those other accounts should not be subject to forfeiture.

B. <u>Forfeiture Under § 984</u>

Claimant suggests that he is entitled to judgment on the pleadings because the Government initiated the forfeiture action against the Target Account after the one-year time limit

7

of § 984 elapsed. *See* 18 U.S.C. § 984(b) ("No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."). As noted above, the allegedly structured deposits began on April 2, 2007. The Government seized the $79,650 on February 21, 2008. It was granted extensions of the time to file its civil forfeiture action in July and September 2008; the Government filed the Complaint on November 26, 2008.

Claimant and the Government disagree about what the Government must do to "commence[]" an "action" within one year of "the date of the offense." *Id.* Claimant argues that the one-year time limit required the Government to file its civil forfeiture complaint by April 2, 2008, one year after the alleged activities began. The Government claims that it only had to effect the actual seizure, not the filing of the complaint, within one year of the date of the offense.

The correct interpretation of the one-year time limit rarely arises and has not been conclusively settled. *See United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 157-61 (3d Cir. 2003) (holding that "in order to forfeit property that is not directly traceable to the offense under section 984, the government must file a complaint within one year of the date of the offense"); *but cf. United States v. Funds Representing*

8

*Proceeds of Drug Trafficking*, 52 F. Supp. 2d 1160, 1166 (C.D. Cal. 1999) (citing legislative history supporting the view that either filing a forfeiture complaint or instituting a seizure within one year fulfills the timing requirement in § 984(b)).

While this Court may have to address the interpretation of § 984(b) before it can enter a final judgment in this case, a ruling on a motion for judgment on the pleadings is not the appropriate place to do so. Whether the Government's action survives a motion for judgment on the pleadings does not depend on the correct interpretation of § 984, because the Complaint states a valid cause of action for forfeiture even if the Government does not have the benefit of § 984.

The question whether the Government commenced an "action pursuant to [§ 984]" within the one-year limit of § 984(b) affects only whether § 984 will allow the Government to forfeit property "not traceable directly to the offense that is the basis for the forfeiture." 18 U.S.C. § 984(b). The one-year time limit in § 984 does not set a general statute of limitations for forfeiture actions.[3] Instead, the one-year requirement in § 984 sets a limit on the time during which the Government can forfeit fungible property. Thus, the dispute over the one-year time limit does not affect the question at issue here, which is

---

[3] A different federal statute contains the general statute of limitations for forfeiture actions, which, with some exceptions, is set at five years. 19 U.S.C. § 1621.

9

whether the pleadings show that Claimant is entitled to judgment as a matter of law – i.e., whether the Complaint alleges "facts sufficient to support a reasonable belief that the property is subject to forfeiture." *United States v. Mondragon*, 313 F.3d 862, 865-66 (4th Cir. 2002).

Property involved in a violation of the structuring statute, 31 U.S.C. § 5324, is subject to forfeiture. *See* 31 U.S.C. § 5317(c)(2); 18 U.S.C. § 981(a)(1). The allegations in the Complaint – that Claimant made numerous cash deposits in amounts just under $10,000 to avoid bank reporting requirements – are more than sufficient to "support a reasonable belief that the property is subject to forfeiture." *Mondragon*, 313 F.3d at 865-66.

The Complaint states that the "defendant money" is property subject to forfeiture because it was used in transactions that violated 31 U.S.C. § 5324(a), or is "traceable to such property," or, pursuant to § 984, is "fungible with such property." Compl. at ¶ 13. Thus, the Complaint does not rely solely on § 984. Indeed, the Government will not need to use that statute to forfeit the property unless the Government cannot adequately "trace" it to the Target Account.

Claimant's arguments about the one-year time limit in § 984 only affect whether the Government has the additional benefit of using § 984 to facilitate the forfeiture of fungible

property.  If, for example, the facts show that the property is not traceable, and if Claimant's interpretation of § 984(b) is correct, then the Government may not be able to forfeit all of the property.  But that hypothetical chain of events points to the manner in which forfeiture occurs, not to whether a structuring offense made the property potentially subject to forfeiture.  The Government has alleged facts sufficient to meet its burden at this stage of the proceedings regardless of whether it ultimately will have the benefit of § 984.

Claimant's second argument for judgment on the pleadings based on the applicability § 984 fails for the same reasons.  Claimant suggests that, because the allegedly structured deposits were made into four separate accounts, not just the Target Account, the deposits made into the other three accounts are not "identical property found in the same place or account."  18 U.S.C. § 984(a)(2).  Thus, he argues, they cannot be subject to seizure as fungible property under § 984.  As explained above, the question whether the Government will ultimately have the benefit of using § 984 cannot be dispositive at this stage of the litigation, because the Complaint alleges "facts sufficient to support a reasonable belief that the property is subject to forfeiture."  *United States v. Mondragon*, 313 F.3d 862, 865-66 (4th Cir. 2002).

### IV. Conclusion

For the reasons stated above, the Court will deny Claimant's Motion for Judgment on the Pleadings.

An appropriate Order will issue.

February 9, 2009                                     /s/
Alexandria, Virginia                         James C. Cacheris
                                 UNITED STATES DISTRICT COURT JUDGE