UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    1:08-cv-01233 (IDD) |
| | ) |
| $79,650.00 SEIZED FROM BANK OF | ) |
| AMERICA ACCOUNT ENDING IN 8247 | ) |
| AT BANK OF AMERICA, 7400 LITTLE | ) |
| RIVER TURNPIKE, ANNANDALE, | ) |
| VIRGINIA, IN THE NAME OF GIRMA | ) |
| AFEWORK, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on remand from the United States Court of Appeals for

the Fourth Circuit for further proceedings to determine the proper amount of the $79,650 seized

from Bank of America account ending in 8247 at Bank of America, 7400 Little River Turnpike,

Annandale, Virginia, in the name of Girma Afework that should be forfeited to the United States.

Specifically finding that this Court erroneously perceived the authorized penalty for purposes of

its Eighth Amendment proportionality analysis, the Fourth Circuit vacated this Court's January

15, 2010 Order [52], which reduced the forfeiture amount from $79,650 to $50,000. Upon

consideration of the Fourth Circuit's opinion, the underlying record, as well as additional

briefing by the parties, this Court concludes that a forfeiture of $79,650 is not unconstitutionally

excessive under the Excessive Fines Clause of the Eighth Amendment, and therefore enters a

forfeiture judgment in the amount of $79,650.

## I.  **BACKGROUND**

The underlying facts of this case are well-established and have been fully articulated in

the Fourth Circuit's opinion in *United States v. $79,650.00 Seized from Bank of America Account*

*Ending in 8247, at Bank of America, 7400 Little River Turnpike, Annandale, Virginia, in the*

*Name of Girma Afework*, 650 F.3d 381 (4th Cir. 2011).  In summary fashion, they are recounted

below:

> During 2006 and 2007, Girma Afework, an Ethiopian citizen residing
> in the Eastern District of Virginia, maintained bank accounts at PNC Bank and
> Bank of America. On April 2, 2007, Afework presented himself at a branch of
> PNC Bank in Fairfax, Virginia, intending to deposit $79,650 in cash (the
> "Defendant Money"). While there, Afework was told that a cash deposit of
> more than $10,000 would require, pursuant to an applicable banking
> regulation, the bank's completion of a form. To avoid having the bank
> complete the form, Afework deposited only $9900. He made another $9900
> currency deposit later that same day at a Fairfax branch of Bank of America.
> Afework then deposited the balance of the Defendant Money by making
> similar cash deposits—one per day at each of the two banks—on April 3, 4,
> and 5, 2007. Afework thus engaged in eight separate currency transactions at
> the two banks, ranging in amount from $9900 to $9980, thereby managing to
> fully deposit the Money without causing the banks to file any forms. In April
> and May 2007, Afework consolidated the entirety of the Money into a single
> account at Bank of America.
>
> On February 21, 2008, the Postal Inspectors executed a warrant for an
> arrest *in rem*, seizing the Defendant Money from Bank of America. Several
> months later, on November 26, 2008, the government filed its Complaint for
> forfeiture of the Money, pursuant to 31 U.S.C. § 5317(2), alleging that the
> currency deposits of the Defendant Money were illegally structured by
> Afework, in contravention of 31 U.S.C. § 5324. On December 30, 2008,
> Afework asserted an interest in the Defendant Money, filing a claim pursuant
> to Rule G(5)(a)(i) of the Supplemental Rules for Admiralty or Maritime
> Claims and Asset Forfeiture Actions, which provides that "[a] person who
> asserts an interest in the defendant property may contest the forfeiture by filing
> a claim in the court where the action is pending."

*$79,650.00 Seized from Bank of America Account Ending in 8247*, 650 F.3d at 383-84.

After a bench trial was held on December 8, 2009, this Court found that the requirements

of 31 U.S.C. § 5324 were satisfied and that forfeiture of the Defendant Money was warranted.

On December 18, 2009, Afework moved to dismiss the judgment, arguing that the $79,650 forfeiture was unconstitutionally excessive under the Eighth Amendment because that amount was disproportionate to the fine authorized under the Sentencing Guidelines. The Government responded that the forfeiture was not excessive, and that the maximum statutory fine for currency structuring, not the Sentencing Guidelines, was the proper basis for a proportionality analysis under the Excessive Fines Clause. Even if the advisory Guidelines were applicable in this analysis, the Government argued, then the Court should still consider Afework's relevant conduct of earlier structuring activities. Such relevant conduct included structuring $86,200 into eleven currency deposits between October 2006 and February 2007 at the same banks as the deposits involved in this forfeiture action.

On January 15, 2010, this Court convened a hearing on Afework's motion to dismiss the judgment. Based on the parties' briefing and argument at the hearing, this Court concluded that the advisory Guidelines fine was the proper basis for the Eighth Amendment proportionality analysis. Additionally, this Court found that Afework's earlier structuring activities between October 2006 and February 2007 constituted relevant conduct, and thus the aggregate amount of structured currency deposits made by Afework exceeded $165,000.[1]  Thereafter, this Court determined that the appropriate Guidelines offense level was 18, and accordingly, the applicable advisory fine range was $6000 to $60,000. Upon conducting a proportionality review, this Court entered an Order on January 15, 2010 reducing the forfeiture amount from $79,650 to $50,000.

---

[1] This aggregate amount was found by adding the $79,650 in structured deposits in April 2007 with the $86,200 in structured deposits from October 2006 to February 2007.

3

As a result, the Government and Afework filed separate notices of appeal with the Fourth Circuit Court of Appeals.[2]  The Government's appeal challenged this Court's Order reducing the forfeiture amount on Eighth Amendment grounds.  Specifically, the Government contended that the Court erred in relying on the Guidelines—rather than the statutory maximum fine—for its proportionality review.  The Fourth Circuit agreed, vacated the Order, and remanded the matter to this Court for further consideration consistent with its opinion.

## II. DISCUSSION

The Fourth Circuit vacated this Court's January 15, 2010 Order and remanded the matter for this Court to apply the proper proportionality analysis to Afework's motion to dismiss the judgment as unconstitutionally excessive under the Excessive Fines Clause of the Eighth Amendment.  On remand, this Court applies the standard as articulated by the Fourth Circuit to the facts of the case as it should have in the first instance.[3]

Having already found that the aggregate amount of structured currency deposits in a twelve-month period exceeded $100,000 in this case, the Court concludes that this is an aggravated case under 31 U.S.C. § 5324(d)(2).[4]  *See $79,650 Seized from Bank of America Account Ending in 8427*, 650 F.3d at 387-88.  Specifically, this Court found that Afework structured at least $165,000 in the seven-month period between October 2006 and April 2007.  Since this is an aggravated case under § 5324(d)(2), the statutory maximum fine was $500,000,

---

[2] Afework's appeal contested the sufficiency of the evidence, arguing that "there was insufficient proof that he contravened 31 U.S.C. § 5324." *Id.* at 387.  The Fourth Circuit rejected this argument, noting that there "was more than sufficient [evidence] to justify the court's findings in support of the § 5324 offenses." *Id.*

[3] On remand, Afework suggests that this Court "may not utilize any previous factual findings or legal conclusions." Claimant's Supp. Mem. at 1.  In support, Afework cites resentencing cases where, upon remand, the trial judge resentenced the defendant with a clean slate.  However, Afework's comparison is inapposite and his assertion is not persuasive.  On a *de novo* review of the evidence presented in this case, the Fourth Circuit acknowledged the basis for this Court's factual findings and legal conclusions.  The matter was remanded for the purpose of allowing this Court the opportunity to apply the correct proportionality analysis—based on those findings—to the forfeiture amount.

[4] An aggravated case exists where an individual "violates [Section 5324] while violating another law of the United States or as part of a pattern of any illegal activity involving more than $100,000 in a 12-month period." 31 U.S.C. § 5324(d)(2).  Aggravated cases are assessed an enhanced penalty of twice the statutory amount. *Id.*

4

and the fine table set forth in section 5E1.2 of the Guidelines does not apply to this Court's Eighth Amendment proportionality analysis. *Id.*

A forfeiture order is unconstitutionally excessive when it is "grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 334, 118 S.Ct. 2028, 2036, 141 L.Ed.2d 314 (1998). In determining whether a forfeiture is grossly disproportionate to the defendant's offense, and therefore in violation of the Excessive Fines Clause of the U.S. Constitution, courts typically consider several factors. *See $79,650.00 Seized from Bank of America Account Ending in 8247*, 650 F.3d at 388 (citing *United States v. Jalaram*, 599 F.3d 347, 355-56 (4th Cir. 2010)). Such factors include: (1) the amount of the forfeiture and its relationship to the authorized penalty; (2) the nature and extent of the criminal activity; (3) the relationship between the crime charged and other crimes; and (4) the harm caused by the charged crime. *Jalaram*, 599 F.3d at 355-56 (citing *Bajakajian*, 524 U.S. at 337-39, 118 S.Ct. 2028).

As the party challenging the constitutionality of the forfeiture, Afework bears the burden of demonstrating excessiveness. *United States v. Ahmad*, 213 F.3d 805, 815 (4th Cir. 2000) (citation omitted). After considering the factors set forth above, this Court is satisfied that the $79,650 forfeiture is not excessive, and Afework failed to prove otherwise. As already noted, this is a $79,650 forfeiture for a crime subject to a $500,000 statutory maximum fine. Unlike in *Bajakajian*, this is not a case of a single reporting offense. Rather, the structuring activity was extensive and prolonged. As this Court noted at the January 15, 2010 hearing, Afework was involved in at least eighteen currency transactions—and thus at least nine incidents of

structuring—within a seven-month period. This series of transactions resulted in the structuring of at least $165,000, which elevated this to an aggravated case of structuring.[5]

The maximum fine of $500,000 is six times the amount of the forfeiture at issue. Forfeiture amounts that are below the maximum statutory fine are accorded a strong presumption of constitutionality. *See United States v. Newsome*, 322 F.3d 328, 342 (4th Cir. 2003) (rejecting an excessiveness challenge to a restitution order where the amount of the restitution was less than the maximum statutory fine); *United States v. Dane A. Mason*, 216 Fed.Appx. 287 (4th Cir. 2007) (rejecting an excessiveness challenge to a forfeiture order where the amount forfeited was less than the maximum statutory fine); *see also United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1309 (11th Cir. 1999) ("[I]f the value of forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional."); *United States v. Sherman*, 262 F.3d 784, 795 (8th Cir. 2001) ("[I]f the value of the property forfeited is within or near the permissible range of fines using the sentencing guidelines, the forfeiture almost certainly is not excessive." (quotation marks and citation omitted)); *United States v. Bernitt*, 392 F.3d 873, 880-81 (7th Cir. 2004) (holding that "[g]iven the potential [Congressionally mandated] punishment the district court could have imposed on" the defendant, a forfeiture was not excessive). Since the $79,650 forfeiture amounts to less than seventeen percent (17%) of the maximum allowable statutory fine, this Court concludes that the forfeiture is not grossly disproportionate to Afework's conduct.

Furthermore, as the Fourth Circuit noted in *United States v. Ahmad*, the harm caused by structuring "not only deprive[s] the government of important information, but also affect[s] a financial institution's ability to comply with the law." *Id.* at 817. Here, Afework's conduct

---

[5] Because this is an aggravated case under 31 U.S.C. § 5324(d)(2), Afework's offense triggered a penalty of up to ten years in jail and a fine of up to $500,000, which indicates that "Congress has found the offense to be serious." *United States v. Bollin*, 264 F.3d 391, 418 (4th Cir. 2001) (citing *Bajakajian*, 524 U.S. at 336, 118 S.Ct. 2028).

compromised the ability of two banks—Bank of America and PNC Bank—from satisfying their legal duties to report certain transactions (i.e., currency transactions in excess of $10,000). In considering this harm, the Court recognizes, as the Government suggests, that after the Supreme Court's decision in *Bajakajian*, Congress found that "the movement of large sums of cash is one of the most reliable warning signs of drug trafficking, terrorism, money laundering, racketeering, tax evasion, and similar crimes." Pl.'s Resp. to Claimant's Supp. Mem. at 11 (quoting "USA PATRIOT ACT," Pub.L. 107-56, Title III, § 371(a)(3), October 26, 2001, 115 Stat. 336, 337). Although no evidence was presented to link Afework's funds to other crimes or illegal activities, this does not militate against the harm caused or potential for additional harm caused by his structuring activity. Thus, this Court is not persuaded by Claimant's assertion that the harm is minimal.

### III. CONCLUSION

Having reviewed all of the evidence and applied the proper proportionality analysis to the forfeiture amount at issue, this Court concludes that forfeiture of $79,650 is not excessive or disproportionate under the Excessive Fines Clause of the Eighth Amendment. It is Afework who bears the burden of showing that the forfeiture is unconstitutionally excessive, and this Court finds that he has failed to meet that burden. Accordingly, judgment will be entered in favor of the Government in the amount of $79,650. An appropriate Order will follow.

/s/
Ivan D. Davis
United States Magistrate Judge

December 9, 2011
Alexandria, Virginia

7